**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Mark Morgan

    V.                                              Civil No. 10-cv-443-JL

Warren Dowaliby, Superintendent,
Strafford County Department of
Corrections

**O R D E R**

Mark Morgan has filed this action pursuant to 42 U.S.C. § 1983, asserting that the conditions of his confinement violate his constitutional rights.  The matter comes before me for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted. See 28 U.S.C. § 1915A; United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).

Standard of Review

Under this Court's local rules, when an incarcerated person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review. LR 4.3(d)(2).  In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in

favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). This review ensures that pro se pleadings are given fair and meaningful consideration.

    To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted). Determining if a complaint sufficiently states such a claim for relief is a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

## Background

Mark Morgan is a disabled inmate at the Strafford County House of Corrections ("SCHOC"). While incarcerated at the SCHOC, Morgan was placed in a cell with a federal detainee named Gregg Gochie, an inmate Morgan believes to have a history of mental illness. In September 2010, Gochie assaulted Morgan by biting him, leaving a bitemark, and stabbing him with a pen. Morgan also says Gochie sexually harassed him in some manner.

Morgan states that he reported the assault to SCHOC staff and asked to be moved out of Gochie's cell. Morgan states his complaint was ignored and that he was "again placed in harm's way." Construing the complaint liberally, I presume that Morgan was not moved out of his cell, or that the danger in his setting was not removed. Morgan states that he has complained about his dangerous housing situation verbally and in writing, but his concerns have been ignored by everyone to whom he has complained.

## Discussion

"A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Mosher v. Nelson, 589 F.3d 488, 493 (1st

Cir. 2009) (quoting Farmer v. Brennan, 511 U.S. 825, 828 (1994)). Prison officials' duty to protect prisoners encompasses a duty to protect prisoners from violence at the hands of other inmates. See Mosher, 589 F.3d at 493 (citing Calderón-Ortiz v. LaBoy-Alvarado, 300 F.3d 60, 63-64 (1st Cir. 2002) ("An inmate may sue a correctional facility under the Eighth Amendment for failure to afford adequate protection . . . from attack by other inmates.")).

In order to be deliberately indifferent to a risk of serious harm to an inmate, a prison official must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." Mosher, 589 F.3d at 494 (quoting Farmer, 511 U.S. at 837) (additional internal citations and quotations omitted)). That standard "requires 'something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result' but 'something more than mere negligence.'" Mosher, 589 F.3d at 494 (quoting Farmer, 511 U.S. at 835). The First Circuit has found a claim of deliberate indifference on the part of prison officials to the risk of inmate violence could stand where: "jail officials inexplicably introduced a person posing a known danger, another inmate who had repeatedly threatened [plaintiff], into the holding cell where [plaintiff] was being kept" when the officials were aware that the plaintiff

would be identified as informant and therefore at risk of harm. See Giroux v. Somerset Cnty., 178 F.3d 28, 34 (1st Cir. 1999).

"A prisoner . . . need not wait until he is actually assaulted to obtain relief." Purvis v. Ponte, 929 F.2d 822, 825 (1st Cir. 1991). Inmates need not identify a specific threat to obtain protection from prison officials; a claim for deliberate indifference can be maintained where an inmate alleges that a prison official had knowledge of facts from which an inference could be drawn that a substantial risk of serious harm existed, and failed to reasonably respond to the risk. See Calderón-Ortiz, 300 F.3d at 36 (deliberate indifference could be shown when officials who knew that more dangerous and vulnerable inmates were housed together and knew that officials were not making regular patrols of the housing area resulted in protracted assault on inmate). An allegation of deliberate indifference may be defeated where officials responded reasonably to a known risk of harm. Mosher, 589 F.3d at 494 (citing Burrell v. Hampshire Cnty., 307 F.3d 1, 8 (1st Cir. 2002)).

Morgan claims here that he was housed with an inmate who assaulted him in a potentially serious manner. After the assault, Morgan complained to unspecified prison officials both verbally and in writing that he was in danger, and was ignored. Morgan alleges that SCHOC staff took no action, once made aware

5

of the risk of violence Morgan was experiencing, to protect him. Morgan has stated facts, construed liberally in his favor, sufficient to allege that SCHOC staff members may have unreasonably failed to respond to his request for protection after they were made aware that his present housing situation presented a substantial risk of serious harm to him.

The sole defendant in this matter is Warren Dowaliby, SCHOC Superintendent. Morgan has not specified what acts or omissions on the part of Dowaliby violated Morgan's rights. Morgan has failed to allege, for example, whether he notified Dowaliby about his housing situation, and whether Dowaliby took any action in response to such notice. Lacking such information regarding Dowaliby's knowledge and conduct, I cannot at this time conclude that Morgan has alleged facts sufficient to state a claim upon which relief can be granted as to Dowaliby.

Morgan has included in his complaint a request for an expedited hearing. Morgan initially filed this action on September 30, 2010. The matter was referred to me for preliminary review on October 25, 2010. If Morgan still wishes to assert a need for immediate injunctive relief, he must do so by filing a separate motion for a preliminary injunction, stating with specificity what relief he seeks and why such relief is necessary.

Conclusion

Morgan has failed, to date, to state what specific acts on the part of Dowaliby, the only defendant named in the complaint, violated his rights, and also failed to name any defendant to this action directly responsible for the harm alleged.  I therefore direct Morgan to amend his complaint within ten (10) days of the date of this Order, to state, with specificity:

1. The name of each defendant SCHOC staff member responsible for the alleged violation of Morgan's rights that he wishes to sue; and

2. What specific acts or omissions by each of those SCHOC staff members, including defendant Dowaliby, violated his rights.

Morgan is further directed, if he seeks immediate relief or an immediate hearing, to file a motion for a preliminary injunction in this Court stating what specific relief he is requesting and what facts support his request.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Dated: November 1, 2010

cc:    Mark Morgan, pro se